[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence: March 3, 1993 Date of Application: March 3, 1993 Date Application Filed: March 11, 1993 Date of Decision: September 27, 1994
 Application for review of sentence imposed by the SuperiorCourt for the Judicial District of Danbury.
Docket No. CR92-80845.
 Steven R. Smart, Esq., Special Public Defender.
 Patricia Gilbert, Esq., Assistant State's Attorney.
BY THE DIVISION
The petitioner received a total effective sentence of 20 years in connection with his jury conviction of 5 counts of sale of narcotics in violation of § 21a-277(a). In addition, he was fined $25,000.
On five separate occasions the authorities were able to use an informant to purchase cocaine from the petitioner at his place of business, Lindsey's Sparkling Car Service, 112 Elm Street in Danbury. These purchases involved quarter grams of cocaine sold to the informant by the petitioner for $20 per quarter gram. Tests confirmed the substance to be cocaine and the informant was equipped with a body wire transmitting device. He was arrested by way of a warrant, entered a not guilty plea and elected a jury trial which ended in his conviction. He could have received as much as 75 years. At the time of his sentencing the petitioner was 51 years of age and previously had been convicted of carrying a dangerous weapon and discharge of a firearm nearly 20 years prior CT Page 10950 to his current conviction.
Petitioner's attorney asserts that the relatively small amount of drugs involved in the sale renders the sentence of 4 years on each count to run consecutive to one another excessive and disproportionate. This was a sting operation and the petitioner had helped police in the past as an informant. His own addiction and the continual pressure by the informant to buy narcotics caused the petitioner to "hang himself," according to counsel. We are urged to consider that the offense was essentially nonviolent and his employment history was generally favorable, the petitioner having worked for 14 years before his addiction and conviction. Further, the imposition of a $25,000 fine was unwarranted as he was represented by a special public defender, clearly indicating his indigence and inability to pay and we are asked to vacate that portion of the sentence.
The state's attorney points out that the sales were made over a four month period and that the statute does not differentiate the penalty according to the amount sold. Also, we are asked to consider the sophistication of the petitioner's operation in that he operated a legitimate business to serve as a cover for his cocaine sales operation. The state argues that since the sentencing judge heard the testimony and examined the demeanor of the witnesses in the process, the division should defer to that judge's decision.
Speaking on his own behalf, the petitioner claimed he had stopped selling drugs and only went to trial because he thought he would be found not guilty.
In reviewing any sentence, the division is bound by Practice Book § 942 to examine the time imposed in light of the offenses committed, the need for deterrence, the protection of the public, and the isolative and denunciatory purposes for which the sentence was intended.
The legislature has clearly stated its view on the devastating effects narcotics and narcotic sales have visited on our society. The sale of any amount of drugs is considered highly damaging to those whose lives are ruined by addiction and those who profit from the misery they peddle must be dealt with firmly. The court in the case at hand took notice of the fact that the petitioner was a mid-level dealer who took pains to disguise his trafficking with a legitimate business front. CT Page 10951
Perhaps the court took into account the generally accepted notion that drug dealing is highly profitable when it imposed the $25,000 fine, but, in any event, we leave the issue of indigence to another court at another time when the ability to pay can be measured in light of the petitioner's then current circumstance.
In the view of the division, the petitioner's sentence was fair and proportionate in light of the factors before the court when sentence was imposed.
Sentence affirmed.
STANLEY, J.
PURTILL, J.
KLACZAK, J.
Stanley, J., Purtill, J. and Klaczak, J. participated in this decision.